IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MILJEVIC ZELJKA,**
**INS # A-73-068-663,**

    **Petitioner,**

vs.                                       Case No. 5:04cv99-LAC/WCS

**IMMIGRATION AND**
**NATURALIZATION SERVICE;**
**DEPT. OF HOMELAND SECURITY,**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION

    Petitioner, proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging her continued detention in Respondent's custody. Doc. 1. Respondent filed an Answer alleging that the petition should be dismissed because Petitioner's continued detention was due to her failure to cooperate with removal efforts. Doc. 6. Petitioner filed a Response, doc. 8, asserting that her continued detention was not the result of her actions, but due to the Embassy of Serbia and Montenegro refusing to issue travel documents. Petitioner also argued that her case was governed by Zadvydas v. Davis, 533 U.S. 678 (2001), in which the Court held that if removal is not reasonably foreseeable, continued detention of an alien is no longer authorized. The

relief sought by Petitioner was "release from INS custody."  Doc. 1, p. 7; *see also* doc. 11, p. 1.

Prior to ruling on the petition, the Court attempted to verify Petitioner's address of record which, as of November 8, 2004, was at the Wakulla County Jail in Crawfordville, Florida.  Doc. 9.  Contact with the jail revealed that Petitioner had been released.  Thus, contact was made with the United States Department of Homeland Security, Immigration and Customs Enforcement, who advised that Petitioner had been released under an order of supervision on January 3, 2005.  That agency also provided a new address for Petition of:  1504 Pelican Street, Longwood, Florida 32750.  In light of Petitioner's apparent release, Respondent and Petitioner were directed to advise whether this case was moot in that Petitioner appears to have been granted the relief she sought - to be released from detention.  Doc. 10.  Only Respondent filed a response to that order, *Id.*, and confirmed that Petitioner was released from detention.  Doc. 11, p. 2.  Respondent asserts that the petition is "now legally moot since Petitioner has now received all the relief which she sought in her petition . . . ."  *Id.*  Accordingly, this § 2241 petition should be dismissed as moot.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner Zeljka Miljevic's § 2241 petition, doc. 1, should be **DISMISSED as moot** as Petitioner has been released from custody.

**IN CHAMBERS** at Tallahassee, Florida, on June 2, 2005.

                                             s/     William C. Sherrill, Jr.
                                        **WILLIAM C. SHERRILL, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

Case No. 5:04cv99-LAC/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**